```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDERSON JOSEPH,

                    Plaintiff,                    **MEMORANDUM AND
                                                  ORDER TO SHOW CAUSE**
     -against-                                    20-CV-6113 (RRM) (LB)


RIKERS ISLAND CORRECTIONAL FACILITY,

                    Defendant.
----------------------------------------------------------------X
```
MAUSKOPF, United States District Judge:

Plaintiff Anderson Joseph brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was mentally and physically abused while he was incarcerated on Rikers Island. The Court now grants Joseph's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, for the reasons set forth below, Joseph's complaint is dismissed and Joseph is directed to show cause in a writing filed within sixty days of the date of this Memorandum and Order why it would not be futile to grant him leave to amend his complaint.

## BACKGROUND

In December 2020, Joseph commenced this action by filing a completed form complaint of the sort used to bring a civil rights action in this district. Joseph principally alleges that he was mentally and physically abused while housed on Rikers Island from December 6, 2013, to August 12, 2015, though he does not state who abused him. (Compl. (Doc. No. 1) at 3.) The complaint specifically recounts an incident in which an unnamed corrections officer opened his cell to allow another inmate to enter and attack him, but it does not state when or where on Rikers Island this attack occurred. (*Id.* at 4.) The complaint also does not name or describe the inmate or the officer involved.

Joseph alleges that, because of the attack, he suffered injuries to his head, face, teeth, back and stomach, for which he was treated at Jamaica Hospital. He also suffered emotional

and physical problems, including "a persistent feeling of sadness and loss of interest," for which he seeks relief. (*Id.* at 5.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

## DISCUSSION

**Plaintiff's Claim**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a § 1983 claim, a plaintiff must allege that the

challenged conduct was "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Rikers Island Correctional Facility is not a "person" within the meaning of § 1983 and, as a facility operated by the New York City Department of Correction, an agency of the City of New York, cannot be sued independently. *Scarlett v. Rikers Island*, No. 17-CV-6039, 2017 WL 5312121, at *1 (E.D.N.Y. Nov. 13, 2017) (noting that Rikers Island is an improper party to a § 1983 action); *Bromfield v. New York State*, No. 15-CV-3529, 2016 WL 2917611, at *3 (E.D.N.Y. May 18, 2016) (citation omitted). Accordingly, Joseph's claim cannot proceed against Rikers Island. Joseph may be able to state a § 1983 claim against the officer who opened his cell, but the complaint does not provide enough facts to identify the officer. The complaint also does not allege where or when the incident occurred.

**Leave to Amend**

A *pro se* litigant should generally be granted leave to amend his complaint at least once, "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). However, where amendment would be futile, denial of leave to amend is proper. *See Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91–92 (2d Cir.2003).

In this case, the facts alleged in Joseph's complaint suggest that this action is time-barred. "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *see also Okure v. Owens*, 816 F.2d 45, 47 (2d Cir. 1987) ("[T]he proper limitation to apply to all section 1983 claims in New York is three years."), *aff'd*, 488 U.S. 235 (1989). Equitable tolling is applied only in "'rare and exceptional circumstances,' where a party was prevented from timely performing a required act and where that party 'acted with reasonable diligence throughout the period he sought to toll.'" *Jones v.*

*City of New York*, 8 F. App'x 22, 24 (2d Cir. Feb. 12, 2021) (summary order) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)). Here, Joseph's claims relate to his incarceration from December 6, 2013, until August 12, 2015, more than five years prior to the filing of this action on December 8, 2020. Joseph's complaint does not suggest a basis for equitable tolling.

## CONCLUSION

For the reasons set forth above, Joseph's complaint is dismissed. Joseph is directed to show cause by affirmation, filed within sixty days from the date of this Memorandum and Order, why it would not be futile to grant him leave to amend. Joseph's affirmation should include any facts which would support equitable tolling of the statute of limitations; he shall append to his affirmation documentary evidence, if available, supporting his allegations. If Joseph fails to file his affirmation within the sixty days allowed, this action will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Joseph and to note the mailing on the docket sheet.

SO ORDERED.

Dated: Brooklyn, New York
      June 24, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge